IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JBARM, L.L.P., and SHOWCASE PRODUCTIONS, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-2079-L |
| MAD RIVER POST, INC., | § § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

The court *sua sponte* raises the issue of subject matter jurisdiction. After careful consideration of the applicable law and the papers filed in this case, the court **determines** that it lacks subject matter jurisdiction over this action.

### I. **Background**

Plaintiffs JBARM, L.L.P. ("JBARM") and Showcase Productions, Inc. ("Showcase") (collectively, "Plaintiffs") filed this action against Defendant Mad River Post, Inc. ("Mad River") on September 18, 2006, in the 192nd Judicial Court, Dallas County, Texas. Plaintiffs allege causes of action for fraudulent nondisclosure and fraudulent misrepresentation. Mad River filed its answer denying the allegations of Plaintiffs' state court petition and seeking an order to compel arbitration on November 9, 2006. On the same day, Mad River removed the state court action to federal court. Mad River contends that jurisdiction is proper in this court because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**Memorandum Opinion and Order – Page 1**

## II. Subject Matter Jurisdiction Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute, they lack the power to adjudicate claims and must dismiss an action if it appears that subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between or among the parties. 28 U.S.C. §§ 1331, 1332. This case was removed to federal court on the basis of diversity of citizenship and that the amount in controversy exceeded $75,000 under 28 U.S.C. § 1332. *See* Notice ¶ 10. Diversity is proper only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*,

7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield*, 355 F.3d at 865. A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, Mad River must establish that complete diversity exists for the court to exercise subject matter jurisdiction.

### III. Analysis

JBARM is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Texas. Showcase is a corporation formed under the laws of the State

**Memorandum Opinion and Order – Page 3**

of Texas with its principal place of business in Texas. Mad River is a corporation formed under the laws of the State of California, and has its principal place of business in California.

Mad River's Notice of Removal and Plaintiffs' Original [State Court] Petition are silent regarding the citizenship of all partners that comprise JBARM. Mad River's naked assertion, "[u]pon information and belief, no member of JBARM LLP is a citizen of or domiciled in the State of California," is insufficient to establish diversity, as the basis for diversity must be distinctly and affirmatively alleged, and cannot be established by argument or mere inference. *Getty Oil*, 841 F.2d at 1259. Mad River does not even set out the names of all partners of JBARM, much less each partner's state of citizenship. As Mad River has failed to allege adequately the basis of diversity, remand of this action is mandatory. *Stafford*, 945 F.2d at 805.

### IV. Conclusion

By failing to set forth the citizenship of each of JBARM's partners, Mad River has not established that complete diversity of citizenship exists, as required for this court to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, this court **determines** *sua sponte* that it lacks the power to adjudicate this action. The court hereby **remands** this action to the 192nd Judicial District Court, Dallas County, Texas. The clerk of court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 16th day of November, 2006.

Sam A. Lindsay
United States District Judge